# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 15-160V
Filed: September 21, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ADAN GOMEZ and RAQUEL AYON, | \* | |
| on behalf of the Estate of JOEL GOMEZ, | \* | |
| | \* | |
| Petitioners, | \* | Damages decision based on |
| | \* | stipulation; human papillomavirus |
| v. | \* | ("HPV") vaccine; myocarditis; |
| | \* | death |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jeffrey T. Roberts, Newport Beach, CA, for petitioners.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On September 21, 2016, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.

Petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act"), on February 20, 2015. They allege that their deceased son, Joel Gomez, developed myocarditis and died due to his receipt of the human papillomavirus ("HPV") vaccine on August 19, 2013. Respondent denies that the HPV vaccine caused Joel's myocarditis, any other injury, or his death.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Nonetheless, the parties agree to resolve this matter informally.  The undersigned finds the terms of the stipulation to be reasonable.  The court adopts the parties' stipulation, attached, and awards compensation in the amount and on the terms set forth in the stipulation.

Pursuant to the stipulation, the court awards a lump sum of **$200,000.00**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  The award shall be in the form of a check for **$200,000.00** made payable to petitioners as the legal representatives of the Estate of Joel Gomez.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>September 21, 2016</u>                                  s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ADAN GOMEZ and RAQUEL AYON, on behalf of the Estate of Joel Gomez, ) ) ) | |
| Petitioners, ) | No. 15-160V  ECF |
| v. ) | Special Master Millman |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1.      On behalf of their son, Joel Gomez, ("Joel"), petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").  The petition seeks compensation for injuries allegedly related to Joel's receipt of the human papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.      Joel received HPV vaccines on June 19, 2013 and August 19, 2013.

3.      These vaccines were administered within the United States.

4.      Petitioners allege that Joel developed myocarditis that was caused-in-fact by his HPV vaccinations, and that his death on August 20, 2013 was a result of his alleged injury.

5.      Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Joel as a result of his condition.

6.      Respondent denies that Joel's HPV vaccines caused myocarditis, any other injury, or his death.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00 in the form of a check payable to petitioners, as the legal representatives of the Estate of Joel Gomez.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.     Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representatives of Joel's estate under the laws of the State of California.

12.     In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, and as the legal representatives of the Estate of Joel Gomez, on behalf of themselves, the Estate, and Joel's executors, administrators, successors or assigns, do forever

2

irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Joel resulting from, or alleged to have resulted from, the HPV vaccinations administered on June 19, 2013 and August 19, 2013, as alleged by petitioners in a petition for vaccine compensation filed on or about February 20, 2015, in the United States Court of Federal Claims as petition No. 15-160V.

13.    If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14.    This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15.    This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Joel's death, or any other injury, was caused by his HPV vaccinations.

16.    All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of Joel Gomez.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

_____
ADAN GOMEZ

_____
RAQUEL AYON

**ATTORNEY OF RECORD FOR PETITIONERS:**

_____
JEFFREY T. ROBERTS
The Roberts Law Firm
5000 Birch Street, Suite 9600
Newport Beach, CA 92660
(949) 719-6885

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

4

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D
Acting Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857


Dated: 9/21/16

ATTORNEY OF RECORD FOR
RESPONDENT:

DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4357

5