# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-160V
Filed: January 18, 2017
Not for Publication

*************************************
ADAN GOMEZ and RAQUEL AYON,          *
on behalf of the Estate of JOEL GOMEZ, *
                                     *
    Petitioners,                 *      Attorneys' fees and costs decision;
                                     *      reasonable attorneys' fees and
v.                                   *      costs; reasonable hourly rate;
                                     *      Newport Beach, California; hours
SECRETARY OF HEALTH                  *      reasonably expended
AND HUMAN SERVICES,                  *
                                     *
    Respondent.                  *
                                     *
*************************************

<u>Jeffrey T. Roberts</u>, Newport Beach, CA, for petitioners.
<u>Darryl R. Wishard</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 20, 2015, petitioners filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioners alleged that their son, Joel Gomez, developed myocarditis and died due to his receipt of the human papillomavirus vaccine. On September 12, 2016, the undersigned issued a damages decision pursuant to the parties' stipulation awarding petitioners $200,000.00 in compensation.

On December 23, 2016, petitioners filed a motion for attorneys' fees and costs requesting attorneys' fees in the amount of $86,840.00 and attorneys' costs in the amount of $5,851.27, for

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

a total request of $92,691.27. In an informal communication with the undersigned's law clerk, petitioners' counsel stated petitioners did not incur any costs in pursuit of their claim.

On January 4, 2017, respondent filed a response to petitioners' motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3. In an informal communication, petitioners' counsel said he does not intend to file a reply to respondent's response.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioners, the undersigned finds that the hourly rates requested for petitioners' counsel are too high. Moreover, petitioners request payment for their counsel's performance of administrative work and for time spent researching the Vaccine Rules. The undersigned will not pay petitioners' counsel for the time spent on these activities.

### A. Petitioners' Counsel's Hourly Rates

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera v. Sec'y of HHS, 515 F.3d 1343, 1352 (Fed. Cir. 2008) (citation and quotation omitted). In Avera, the Federal Circuit found that in Vaccine Act cases, a court should use the forum rate, i.e., the DC rate, in determining an award of attorneys' fees. Id. at 1349. At the same time, the court adopted the Davis County exception to prevent windfalls to attorneys who work in less expensive legal markets. Id. (citing Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755 (D.C. Cir. 1999)). In cases where the bulk of the work is completed outside the District of Columbia, and there is a "very significant difference" between the forum hourly rate and the local hourly rate, the court should calculate an award based on local hourly rates. Id. (finding the market rate in Washington, DC to be significantly higher than the market rate in Cheyenne, Wyoming).

As both of petitioners' counsel practice in Newport Beach, California, part of the greater Los Angeles area, the undersigned finds they are entitled to forum rates. Nevertheless, the undersigned finds that petitioners' requested rates of $650.00 per hour for Mr. Jeffrey Roberts and $325.00 per hour for Mr. Michael Jeandron are too high.

Petitioners attempt to justify their requested hourly rates by arguing that they are the same rates that would be awarded under the Laffey Matrix. See Fee App. at 3; Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354 (D.D.C. 1983). However, petitioners' use of the Laffey Matrix in a vaccine case has been expressly rejected by the Federal Circuit. Rodriguez v. Sec'y of HHS, 632 F.3d 1381 (Fed. Cir. 2011) (upholding a special master's refusal to use the Laffey Matrix to calculate an award of attorneys' fees because "Vaccine Act litigation . . . is not analogous to 'complex federal litigation' as described in Laffey," and because "a party need not 'prevail' under the Vaccine Act in order to receive an award of attorneys' fees."). Therefore, the undersigned will determine an appropriate hourly rate for petitioners' counsel not by referencing the Laffey Matrix, but by looking to the rates awarded to attorneys entitled to forum rates with similar experience as petitioners' counsel.

### i. Mr. Roberts' Hourly Rates

This was Mr. Roberts' first case in the Vaccine Program. To date, it is the only case he has litigated in the Program. His requested hourly rate of $650.00 is much greater than attorneys with a great deal more experience in the Vaccine Program. For example, Jeffrey Pop, an attorney with 43 years of experience who practices in Beverly Hills, California, is routinely awarded $400.00 an hour for his vaccine work. See, e.g., Baldwin v. Sec'y of HHS, No. 14-888V, 2016 WL 3597886, at *2 (Fed. Cl. Spec. Mstr. June 1, 2016). As a result, the undersigned finds that an hourly fee of $650.00 is not justified.

Mr. Roberts has 20 years of experience as an attorney. Fee App. at 3. Therefore, the undersigned will use an hourly rate of $325.00 for his work in 2014, when he had 18 years of experience. This is comparable to the amount awarded to practitioners in the Vaccine Program for attorneys with a similar amount of experience as Mr. Roberts. See, e.g., Matthews v. Sec'y of HHS, No. 14-1111V, 2016 WL 2853910 (Fed. Cl. Spec. Mstr. Apr. 18, 2016) (awarding forum rates of $325.00 to Gil Daley, an attorney with 19 years of experience). Using the 3.7% growth rate endorsed in McCulloch, the undersigned increases this hourly rate to $337.00 for work performed in 2015 and $350.00 for work performed in 2016 (these numbers have been rounded). McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323, at *16 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Mr. Roberts spent 36.8 hours on the instant case in 2014, 46.25 hours in 2015, and 50.3 hours in 2016. Accordingly, the undersigned will award petitioners a total of $45,151.25 for Mr. Roberts' work on the case. **This is a reduction of 41,526.25 from petitioners' fee request**.[2]

### ii. Mr. Jeandron's Hourly Rates

Petitioners request an hourly rate of $325.00 for the 0.5 hours that Mr. Jeandron worked on the case in 2016. For the reasons provided above, the undersigned finds this amount unreasonable as Mr. Jeandron has less than four years of experience as an attorney. Instead, she

---

[2] Page 4 of petitioners' fee application says Mr. Roberts spent 133.35 hours at $650.00 per hour, for a total of $86,667.50. This figure should actually be $86,677.50. The undersigned used $86,677.50 for calculating reductions from petitioners' fee award.

3

will use an hourly rate of $235.00 to calculate the appropriate attorneys' fees for Mr. Jeandron's work on this case. This is the same amount awarded to Kristina Grigorian, an associate of Mr. Pop's in Beverly Hills with 3 years of experience as an attorney. Baldwin, No. 14-888V, 2016 WL at *1. Therefore, the undersigned will award petitioners $117.50 for the time Mr. Jeandron spent on their case. **This is a reduction of $45.00 from petitioners' fee request**.

### A. Hours Reasonably Expended

Counsel must submit fee requests that include contemporaneous and specific billing entries, indicating the task performed, the number of hours expended on the task, and who performed the task. See Savin ex rel. Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 315-18 (Fed. Cl. 2008). Counsel must not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id.

#### i. Time spent on administrative work

Billing for clerical and other secretarial work is not permitted in the Vaccine Program. See Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary, finding that these "services . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Mr. Roberts billed 1.5 hours on February 16, 2015 for time spent assembling the petition for mailing. Fee App. Ex. A, at 2. He also spent one hour on October 21, 2015 mailing heart tissue and a check to petitioners' expert. Id. at 4. Petitioners will not be compensated for this time. **Therefore, the undersigned reduces petitioners' fee award by $1,625.00.**

#### ii. Time spent researching the Vaccine Rules

Finally, the undersigned reduces petitioners' fee award for the two hours Mr. Roberts billed in 2014 for researching the "process and procedures for Federal claim filing to Special Masters." Id. at 1. Many special masters, including the undersigned, have held that it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program. In Calise v. Secretary of Health and Human Services, the undersigned reduced petitioner's counsel's billings for "research into the elementary principles of vaccine litigation," noting, "basic education [is] not compensable under the Program." No. 08-865V, 2011 WL 2444810, at *5 (Fed. Cl. Spec. Mstr. June 13, 2011). In Tison v. Secretary of Health and Human Services, former Special Master Baird found that petitioner's counsel had "spent an excessive amount of time researching and reviewing the statute and legislative history." No. 89-43V, 1990 WL 293369, at *2 (Cl. Ct. Spec. Mstr. May 25, 1990). In another case, former Special Master Hamilton-Fieldman reduced petitioner's counsel's fees for time spent on basic legal research, stating that one test for whether the hours billed by counsel are reasonable is "whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act

4

representation, would be willing to pay for such expenditure," citing <u>Riggins v. Secretary of Health and Human Services</u>, No. 99–382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), aff'd, 406 Fed. Appx. 479 (Fed. Cir. 2011).  Petitioners would surely not find it reasonable to pay for their counsel to perform basic research on the Vaccine Rules.  **Therefore, the undersigned reduces petitioners' fee award by $1,300.00**.

The undersigned **GRANTS** petitioners' Motion for Attorneys' Fees and Costs.  For the reasons discussed above, the undersigned reduces petitioners' attorneys' fees and costs request by $44,496.25.  Accordingly, the court awards **$48,195.02**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioners and the Roberts Law Firm in the amount of **$48,195.02**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: <u>January 18, 2017</u>                                                                                  s/ Laura D. Millman
                                                                                                                            Laura D. Millman
                                                                                                                            Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.